**Mikel PALUCA, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General, Respondent.**

**No. 03–4863AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2005.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Carl M. Weideman, Grosse Pointe Woods, Michigan, for Appellant.

Patrick J. Fitzgerald, Office of the United States Attorney for the Northern District of Illinois (Barry Rand Elden, Assistant United States Attorney, on the brief), Chicago, Illinois, for Appellee.

Present: LEVAL, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mikel Paluca, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ decision without opinion. See Arango–Aradondo v. INS, 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, under which "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003) (quoting Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000)). The same standard of review applies to factual questions involved in the denial of withholding of removal, and withholding or deferral of removal under the CAT. See Melendez v. United States Dep't of Justice, 926 F.2d 211, 218 (2d Cir.1991).

In this case, the IJ's findings of fact were substantially supported by the record as a whole. The IJ's factual determination that Paluca had not experienced, and was not likely to experience, persecution in Albania on account of his religion, political opinion, or membership in a particular social group was amply supported by his failure to allege that he had ever been harmed or threatened on one of these bases. To the extent that his claim rested on the persecution his family members experienced under the Communist regime, the IJ reasonably found that the election of a democratic regime in 1992 and his family members' failure to testify or submit affidavits in support undercut his claim. Paluca failed to raise the CAT claim in his appeal, and therefore it is deemed waived. See 8 U.S.C. § 1252(d); Mejia–Ruiz v. INS, 51 F.3d 358, 362 (2d Cir.1995).

Paluca's constitutional challenge to the BIA's summary affirmance procedure also fails. This circuit, as well as the nine other circuits that have addressed the issue, have all held that the "streamlining regulations' provision for summary affirmance by a single Board member does not deprive an asylum applicant of due process." Zhang v. U.S. D.O.J., 362 F.3d 155, 156–57 (2d Cir.2004). The decision of the BIA is accordingly AFFIRMED and the Motion for a Stay of Removal is DENIED.